```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    12 CR 31 (VM)
     - against -                    :
                                    :
CHRISTOPHER NWANKWO,                :    DECISION AND ORDER
                                    :
              Defendant.            :
------------------------------------X
```
**VICTOR MARRERO, United States District Judge**.

Christopher Nwankwo ("Nwankwo") is currently serving a sentence of 120 months' imprisonment at FCI Fort Dix. (See Dkt. No. 1259 at 11-12.) By letter dated April 18, 2020, Nwankwo moved this Court for compassionate release and a reduction of his sentence to time served. (See "Motion," attached). The Court now construes the Motion as being made pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582"). For the reasons set forth below, the Court DENIES the Motion.

Section 3582 allows a court to reduce a term of imprisonment or supervised release after considering the factors set forth in 18 U.S.C. Section 3553(a) and finding that "extraordinary and compelling reasons warrant such a reduction." See Section 3582(c)(1)(A)(i). However, a court may do so only upon motion of the Director of the Bureau of Prisons ("BOP") or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to

appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Section 3582(c)(1)(A).

Any reduction of sentence under Section 3582 must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." Id. The Application Notes to United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13") provide guidance on the circumstances under which "extraordinary and compelling reasons" exist. Circumstances include, but are not strictly limited to, serious medical conditions or the advanced age of a defendant, or circumstances that would render the defendant the only available caregiver for a family member. See Section 1B1.13.

Nwankwo requests compassionate release based in part on his rehabilitation, stating that he is now ready to reenter the community. (See Motion at 1.) He also attaches an April 7, 2020 request to the warden of FCI Fort Dix, in which he requests compassionate release based on the health threat posed by COVID-19. (See id. at 2-3.) Though Nwankwo claims that he is at grave risk if he contracts the virus, he is not in an age bracket that is particularly vulnerable to the disease and identifies no underlying health

2

conditions presenting a heightened risk of negative complications. While it is unclear whether the BOP addressed Nwankwo's request for compassionate release, the Court will consider the Motion because thirty days have lapsed since Nwankwo first made the request and it must be denied regardless.

The Court must deny the Motion at this time because neither basis set forth by Nwankwo presents the "extraordinary and compelling reasons" for release required by Section 3582. Nwankwo's alleged rehabilitation may be admirable, but Section 1B1.13 specifically states that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason." Section 1B1.13, Application Note 3. And while the COVID-19 pandemic is undoubtedly serious and of great concern, numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease. See, e.g., United States v. Yeison Saldana, No. 15 CR 712, 2020 WL 2395081, at *2 (S.D.N.Y. May 12, 2020); United States v. Shawn Olszewksi, No. 15 CR 364, 2020 WL 2420483, at *2-3 (S.D.N.Y. May 12, 2020); United States v.

3

Jaramillo, No. 17 CR 4, 2020 WL 2306564, at *1 (S.D.N.Y. May 8, 2020). Because Nwankwo is young and has not alleged any serious underlying health risks beyond the threats posed by COVID-19 itself, the Court is not persuaded that the Motion presents the extraordinary and compelling reasons required to justify compassionate release under Section 3582 at this time.

Accordingly, it is hereby

**ORDERED** that the motion of Christopher Nwankwo for compassionate release (See attached letter) is **DENIED.** The Clerk of Court is directed to mail this Decision and Order to Christopher Nwankwo at FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640.

**SO ORDERED.**

Dated:   New York, New York
         14 May 2020

*[signature]*
Victor Marrero
U.S.D.J.

April, 18. 2020

Honorable Judge Victor Marrero,

I want to say upon writing this letter that I hope all is nothing short of blessed with you, family & loved ones due to this whole COVID-19 pandemic. I am asking you to please grant me compassionate release in which I could be reunited with my family. I was sentenced to 120 months when last presented in court on January 22. 2016. Now writing you in total 5yrs. 10months. I am letting you know I am a changed man instilled with morals and principals to be a part of the community. This virus scares me that I won't make it home to my family, and community to show my change. Fort Dix where I am incarcerated at has multiple case with both inmates & staff. I am asking for your compassion to release me. I promise that I will never be in your court again. Please give me a chance to prove myself.

Sincerely,

Christopher Nwankwo

WARDEN DAVID ORTIZ
FCI FORT DIX
P.O. BOX 2000
FORT DIX, NEW JERSEY 08640

---

## PETITION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. § 4205(g) AND THE CARE ACT, H.R. 748.

### ATTENTION:

PLEASE TAKE NOTICE, that I Christopher Nwankwo, 66202-054 ("hereinafter known as ("Nwankwo"), hereby submits the following Petition for Consideration of Compassionate Release under the penalty of perjury pursuant to 18 U.S.C. 1746.

Petitioner Nwankwo submits this Petition pursuant to 18 U.S.C. 4205(g); The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194; And The CARE ACT of 2020, H.R. 748 (signed into law, Mar. 27, 2020). Within the CARES ACT, Sec. 12003(b)(2) it states:

"During the covered Emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the First Sentence of Section 3624(c)(2) of Title 18, United States Codes, as the Director determines appropriate."

In accord with 18 U.S.C. § 3624(c)(2), the BOP can send an inmate to home confinement for not more than 10% of his or her sentence, up to a maximum of 6 months. The CARES ACT provision

-2-

has now lifted the 10%/6 months limitation. The covered emergency period began when President Trump declared a National Emergency and ends 30 days after he declares that the emergency has ended.

Mr. Nwankwo is eligible for Compassionate Release. Because COVID-19 has two life threatening phrases of pneumonia, this would all but guarantee that Nwankwo will not survive if tested positive with the corona virus.

It is Mr. Nwankwo's position that the Public Health crisis of COVID-19, presents extraordinary and compelling reasons that warrant Modification of Sentence and immidate release from Custody to Home Confinement. The risk of outbreak at Fort Dix is not speculative especially in light of Unit 5751's recent positive Outbreak and the recent death of Patrick Jones, 49 year old, whom was incarcerated at FCI Oakdale and died at the Hospital on March 19, 2020, the First confirmed BOP COVID-19 Death. Since then numerous FCI Camp Inmates have tested positive.

## CHRISTOPHER NWANKWO'S PROPOSED RELEASE PLAN

There exist extraordinary reasons that warrant Mr. Nwankwo's release. That is, the virus would virtually place Mr. Nwankwo in grave danger as a result of his current health condidition. It is Nwankwo's position that currently, the State of New Jersey has 25,696 Positive cases of the Corona virus and 500+ deaths, whereas in the neighborhood of Grand Concourse in the Bronx, New

-3-

York, Positive case are low. Mr. Nwankwo plans to reside with his Aunt Rosemary Ofili, 718-538-2747, at 910 Grand Concourse, Apt.# 3K, Bronx New York 10451. Mrs. Ofili can provide Health Coverage through her Insurance Plan and she's able to financial take care of Mr. Nwankwo while this crisis is ongoing. All Hospitals are within 45 Minutes of Mrs. Ofili's residence.

Mr. Nwankwo has been in custody since 2012, for Conspiracy to Distribute Drugs a non-violent offense.

In addition, Nwankwo has 11 Low security points. Since Nwankwo is serving a non-violent offense he makes an excellent canidate for Home Confinement especially in light of the National Health Emergency. This release plan would alleviate Nwankwo's overall COVID-19 risk.

WHEREFORE, Christopher Nwankwo, hereby respectfully request that this Petition for Compassionate Release be considered in the interest of the National Health Emergency and the Congressional Acts and the United States Attorney General's Position in relation to the National Health Crisis. I thank you in advance.

DATED: APRIL 7, 2020;
FORT DIX, NEW JERSEY

Respectfully Submitted,
CHRISTOPHER NWANKWO.

Christopher Nwankwo 66202-054
FCI Fort Dix
P.O. Box 2000
Joint Base MDL, N.J. 08640

TRENTON NJ 085
20 APR 2020 PM 4 L

The Honorable Victor Marrero
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York, N.Y. 10007

