```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :    12 CR 31 (VM)
     - against -                    :
                                    :
CHRISTOPHER NWANKWO,                :    DECISION AND ORDER
                                    :
          Defendant.                :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Christopher Nwankwo ("Nwankwo") is currently serving a sentence of 120 months' imprisonment at FCI Fort Dix. (See Dkt. No. 1259 at 11-12.) By letter dated April 18, 2020 (the "April 18 Motion"), Nwankwo moved this Court for compassionate release and a reduction of his sentence to time served. The Court construed the April 18 Motion as being made pursuant to 18 U.S.C. Section 3582(c)(1)(A) ("Section 3582") and denied the motion on May 14, 2020. (See "Order," Dkt. No. 1752.) By letter dated May 14, 2020, Nwankwo moved for compassionate release again, this time explicitly citing Section 3582. (See "May 14 Motion"). The Court now construes the May 14 Motion as requesting reconsideration of the Court's Order. For the reasons set forth below, the Court DENIES the May 14 Motion.

Reconsideration of a previous order by the Court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial

resources." United States v. Rutigliano, No. 11 CR 1091, 2016 WL 2727317, at *2 (S.D.N.Y. Apr. 26, 2016) (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). To succeed, a request for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Local Crim. R. 49.1; see also United States v. Riley, No. 13 CR 339, 2014 WL 774630, at *1 (S.D.N.Y. Feb. 27, 2014) (the motion must point to "matters . . . that might reasonably be expected to alter the conclusion reached by the court" (internal quotation marks omitted)).

Respectfully, the May 14 Motion does not meet the standard required for this extraordinary remedy. While the May 14 Motion includes more detail about conditions at FCI Fort Dix and Nwankwo's generally good behavior while incarcerated than the April 18 Motion, the additional information does not alter the Court's conclusion that Nwankwo did not demonstrate the "extraordinary and compelling reasons" for release required by Section 3582, given his relatively young age and apparent lack of underlying health conditions. (See Order at 3-4.) The Court recognizes that conditions at FCI Fort Dix may not facilitate optimal social distancing, and that there have been approximately thirty cases of the virus in the

facility. (See May 14 Motion at 10.) However, courts have denied compassionate release motions from defendants facing greater health risks from COVID-19 in facilities with greater numbers of confirmed cases. See, e.g., United States v. Garcia, No. 18 CR 802, 2020 WL 2468091, at *5-6 (S.D.N.Y. May 13, 2020) (denying compassionate release to defendant with asthma, hypertension, and heart conditions housed in facility with 40 documented cases of virus). The Court thus declines to reconsider its Order at this time.

Accordingly, it is hereby

**ORDERED** that the renewed motion of Christopher Nwankwo for compassionate release (See Dkt. No. 1754) is **DENIED**. The Clerk of Court is directed to mail this Decision and Order to Christopher Nwankwo at FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ 08640.

**SO ORDERED.**

Dated:  New York, New York
        21 May 2020

_____
Victor Marrero
U.S.D.J.