```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/14/2020
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------X
UNITED STATES OF AMERICA,         :
                                  :     **12 CR 31(VM)**
          -against-               :     **DECISION AND ORDER**
                                  :
CHRISTOPHER NWANKWO,              :
                                  :
                    Defendant.    :
---------------------------------X

**VICTOR MARRERO, U.S.D.J.:**

By letter dated April 18, 2020, defendant Christopher Nwankwo ("Nwankwo") moved for compassionate release and a reduction of his sentence to time served based on his asserted rehabilitation and fear of contracting COVID-19. The Court construed the motion as being made pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Section 3582") and denied it by order dated May 14, 2020, finding that he had not met the standard for relief under Section 3582 based on the facts alleged. (See Dkt. No. 1752.)

By letter dated May 14, 2020, and received by the Court on May 19, 2020, Nwankwo again moved for compassionate release under Section 3582. (Dkt. No. 1754.) The Court construed the letter as a motion for reconsideration and denied it by order dated May 21, 2020, finding that Nwankwo's representations regarding FCI Fort Dix's failure to mitigate the spread of COVID-19, and Nwankwo's personal growth, did not meet the standard for compassionate release under Section 3582,

1

particularly in light of "his relatively young age and apparent lack of underlying health conditions." (See Dkt. No. 1755 at 2.)

In the attached letter dated November 5, 2020 (the "November 5 Letter"), Nwankwo again moved the Court for compassionate release. Before the Court received the November 5 Letter, Nwankwo's former CJA counsel filed a letter seeking reappointment to bring a compassionate release motion on Nwankwo's behalf because of "recent developments at Fort Dix" and "the resurgence of COVID-19" in its area. (See Dkt. No. 1771.) The Court granted counsel's request on November 16, 2020. (See Dkt. No. 1772.)

Now before the Court is the letter motion for compassionate release under Section 3582 that followed, filed by CJA counsel on December 2, 2020. (Dkt. No. 1773.) The Court considers this motion together with the November 5 Letter and hereby DENIES the motion for the reasons set forth below.

As a threshold matter, the Court is not persuaded that Nwankwo has satisfied the exhaustion requirement of Section 3582. A defendant may not seek relief in court under Section 3582 until (i) he has "fully exhausted all administrative rights" within the Bureau of Prisons ("BOP"), or (ii) 30 days have lapsed since he submitted a request for release to the warden. United States v. Battle, 05 CR 377, 2020 WL 2306482,

2

at *1 (S.D.N.Y. May 8, 2020) (citing Section 3582). Nwankwo argues that his April 7, 2020 letter to the warden of FCI Fort Dix satisfies the exhaustion requirement. (See Dkt. No. 1773 at 1 n.1.) However, that letter sought compassionate release based on Nwankwo's fear of severe illness were he to contract COVID-19 and the *risk* of outbreak at Fort Dix. (See Dkt. No. 1752 at 6-9.) Nwankwo's motion on these bases was denied, as was his motion seeking reconsideration of the denial. (See Dkt. Nos. 1752, 1755.) Nwankwo now seeks compassionate release for purportedly different reasons: a documented outbreak at Fort Dix and the resurgence of COVID-19 in the area. Assuming, as Nwankwo argues, that these are new bases for compassionate release, exhaustion of Nwankwo's renewed request would be required. See United States v. Read-Forbes, No. CR 12-20099-01, 2020 WL 4726685, at *3 (D. Kan. Aug. 13, 2020) ("To file a renewed motion, however, defendant first must exhaust administrative remedies based on the new information." (citing cases)).

Regardless, the Court concludes that extraordinary and compelling circumstances warranting relief have not been established here. To grant a sentence reduction under Section 3582, the Court must find that "extraordinary and compelling reasons warrant such a reduction." Under Section 3582, courts are authorized "to consider the full slate of extraordinary

and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).

Nwankwo argues that COVID-19 has "ravaged" Fort Dix and the BOP has been "grossly negligent" in its efforts to handle the crisis. (Dkt. No. 1773 at 2.) Nwankwo further points out that he has served approximately 80% of his sentence and is at heightened risk of serious illness because he has a body mass index ("BMI") of thirty-five. However, considering the totality of the circumstances in Nwankwo's case, the Court does not find extraordinary and compelling circumstances have been established.

First, the Court is mindful that incarcerated individuals face heightened risk of COVID-19 infection and acknowledges that "the incidence of COVID-19 at FCI Fort Dix . . . has increased at an alarming rate." See United States v. Avery, No. 14 CR 810, 2020 WL 6728781, at *1 (S.D.N.Y. Nov. 16, 2020). However, because Nwankwo was recently diagnosed with COVID-19 and has since recovered from the virus, he "has not provided any reasons why his risk is exceptional, when compared to the general prison population at this facility." United States v. Mathis, No. 02 CR 891, 2020 WL 6784136, at *2 (E.D.N.Y. Nov. 18, 2020) (acknowledging the troubling COVID-19 outbreak at FCI Fort Dix but denying

4

compassionate release because the defendant did not establish exceptional risk after having contracted and recovered from COVID-19) (citing United States v. Mongelli, No. 02 CR 307, 2020 WL 6449237, at *3 (E.D.N.Y. Nov. 3, 2020)). As the CDC has explained, instances of reinfection in those who, like Nwankwo, have recovered from COVID-19 "remain rare." *Coronavirus Disease 2019 (COVID-19): Reinfection with COVID-19*, Ctrs. for Disease Control and Prevention https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020).

Second, and relatedly, the Court is unpersuaded that Nwankwo's BMI of thirty-five meets the extraordinary and compelling standard given his recent recovery from COVID-19 and relatively young age of thirty years old. To be sure, obesity with a BMI over thirty is among the underlying conditions that the CDC has identified as presenting an increased risk of serious illness.[1] *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last

---

[1] The November 5 Letter also references varicose veins and gunshot scars as conditions heightening Nwankwo's risk of severe illness. However, these are not among the medical conditions that the CDC recognizes as creating increased risk. See *Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions*, supra.

updated Dec. 1, 2020). However, as explained above, instances of reinfection among those who have recovered from COVID-19 "remain rare." *Coronavirus Disease 2019 (COVID-19): Reinfection with COVID-19*, supra. While there is no consensus regarding the duration of immunity that follows recovery from COVID-19, "the possibility of reinfection is speculative." United States v. Davis, No. 12 CR 712, 2020 WL 3790562, at *3 (S.D.N.Y. July 7, 2020) (denying compassionate release because "the speculative risk of reinfection" was neither "extraordinary" nor "compelling" within the meaning of Section 3582). Nor does Nwankwo's age -- thirty years old -- place him in a high-risk category. See *Coronavirus Disease 2019 (COVID-19): Older Adults*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated Dec. 13, 2020).

The Court is further unpersuaded that Nwankwo's rehabilitation efforts establish entitlement to relief. As the Court has previously explained, Congress has expressly instructed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Nwankwo's rehabilitative efforts are certainly commendable, but they do not, either alone or in combination with the other circumstances he cites, meet

6

the "extraordinary and compelling" standard. E.g., United States v. Saleh, No. 93 CR 181, 2020 WL 3839626, at *4 (S.D.N.Y. July 8, 2020) (recognizing a defendant's commendable institutional record but denying release).

Finally, the Court declines to address Nwankwo's argument that release is warranted because he has served approximately 80% of his sentence. Having determined that Nwankwo has not established "extraordinary and compelling" reasons warranting a sentence reduction, the Court need not, and does not, consider the sentencing factors laid out in 18 U.S.C. § 3553(a). See id. § 3582(c)(1)(A) (stating that the court shall consider the sentencing factors set forth in Section 3553(a) "if" it finds "extraordinary and compelling reasons warrant" a sentence reduction).

Accordingly, it is hereby

**ORDERED** that defendant Christopher Nwankwo's motion for compassionate release (Dkt. No. 1773) is **DENIED**. The Clerk of Court is directed to mail a copy of this Order to Christopher Nwankwo, Register Number 66202-054, FCI Fort Dix, P.O. Box 2000, Joint Base MDL, NJ, 08640, and note service on the docket.

**SO ORDERED.**

Dated: New York, New York
       14 December 2020

_____
Victor Marrero
U.S.D.J.