USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _7/10/2025_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

UNITED STATES OF AMERICA,

            - against -

CHRISTOPHER NWANKO,

                Defendant.

---

**12 Cr. 31 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On November 6, 2014, Christopher Nwanko ("Nwanko") pleaded guilty to one count of conspiracy to distribute and possess narcotics, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), before Magistrate Judge Henry B. Pitman for the Southern District of New York. (See Dkt. No. 982.) On January 22, 2016, this Court sentenced Nwanko to 120 months' imprisonment followed by five years of supervised release. (See Dkt. No. 1259.) Nwanko was released from custody on January 28, 2022 at which point he began his five-year term of supervised release.

On March 17, 2025, Nwanko moved for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). (See "Motion," Dkt. No. 1899.) Probation recommends early termination of supervised release, and the Government defers to the Probation Office's recommendation and otherwise takes

no position with respect to Nwanko's Motion. (See Dkt. No.
1901 at 2.)

For the reasons discussed below, the Court **DENIES**
Nwanko's motion for early termination of supervised release
without prejudice.

## I.    LEGAL STANDARD

A district court "may terminate a term of supervised
release and discharge the defendant released at any time after
the expiration of supervised release" after considering the
factors set forth in [S]ection 3553(a)" and concluding that
"such action is warranted by the conduct of the defendant
released and the interest of justice." 18 U.S.C. § 3583(e)(1).
See United States v. Torres, No. 21-2511-CR, 2022 WL 17087048,
at *3 (2d Cir. Nov. 21, 2022).

"Early termination is not, however, 'warranted as a
matter of course,' and decisions regarding termination and
modification are within the discretion of the district
court." United States v. Rosario, No. 17 Crim 27, 2023 WL
7305260, at *2 (S.D.N.Y. Nov. 6, 2023) (internal quotation
marks omitted); see also United States v. Sheckley, 129 F.3d
114, 1997 WL 701370, at *1 (2d Cir. 1997) (unpublished table
decision) ("[T]he determination of early release is a
discretionary decision made by the district court.")
(citations omitted). While a defendant is "not entitled to

2

early termination simply because he has successfully served a portion of his [probation] term," Sheckley, 1997 WL 701370, at *2, new or changed circumstances are not required to terminate or modify the conditions of probation. See United States v. Parisi, 821 F.3d 343, 347 (2d Cir. 2016). "So long as the court, when modifying [probation] conditions, considers the relevant [Section] 3553(a) sentencing factors, there is no additional requirement that it make a finding of new or changed circumstances with respect to the defendant." Parisi, 821 F.3d at 347 (citations omitted).

## II.  DISCUSSION

In support of his Motion, Nwanko argues that the Court should terminate the remainder of his supervised release because he has worked to rectify his mistakes, exhibited good behavior, actively participated in mental health treatment programs, and desires to relocate to Texas closer to family to begin a new career as a commercial truck driver. (See Dkt. No. 1899.)

Although the Court acknowledges that Nwanko presents compelling reasons for early termination, it denies the request at this time due to his failure to comply with the terms of his release - specifically, his February 2024 arrest for the alleged sale of a controlled substance in July 2023. (See  Dkt.  No.  1901.)  Courts  have  held  that  even  full

3

compliance with supervised release conditions does not necessarily constitute "exceptionally good behavior" warranting early termination under the standards of 18 U.S.C. § 3583(e). *See Lussier*, 104 F.3d at 36. In light of this infraction, the Court, in its discretion, is not persuaded that an early termination of supervised release is warranted at this time.

The Court is mindful of the meaningful progress Nwanko has made in his rehabilitation. The Motion is therefore denied without prejudice to renewal after he completes four years of supervised release.

### III. ORDER

For the forgoing reasons, it is hereby

**ORDERED** that the motion (Dkt. No. 1899) of defendant Christopher Nwanko ("Nwanko") for early termination of supervised release is **DENIED** without prejudice to renewing the motion after Nwanko completes four years of his term of supervised release.


**SO ORDERED.**

Dated:    10 July 2025
          New York, New York

4

Victor Marrero
U.S.D.J.