

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __3/24/2026__

NEW JERSEY OFFICE
06 POMPTON AVENUE, SUITE 25
CEDAR GROVE, NJ 07009
(973) 239-4300

LORRAINE@LGRLAWGROUP.COM
WWW.LGAULIRUFO.COM
FAX: (973) 239-4310
_____

NEW YORK OFFICE
347 5TH AVENUE, SUITE 1402
NEW YORK, NY 10016
(646) 205-2259

March 16, 2026

*Via ECF*
The Hon. Victor Marrero
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> The letter motion for early termination of
> supervised release is **DENIED**. The Court finds that
> the reasons provided are insufficient to warrant
> the relief requested pursuant to 18 U.S.C.§ 3583(e)
> and U.S.S.G. § 5D1.4.
>
> SO ORDERED.
>
> Dated: March 24, 2026
>      New York, New York
>
> _____
> Victor Marrero
> U.S.D.J.

Re: *United States v. Christopher Nwankwo*
   Docket No. 1:12-CR-00031-007

Dear Judge Marrero:

Please accept this letter brief in lieu of a more formal motion respectfully renewing Christopher Nwankwo's ("Christopher" or "Mr. Nwankwo") request for early termination of supervised release pursuant to 18 U.S.C.§ 3583(e) and U.S.S.G. § 5D1.4.  The factual and legal support for this request follows.

### Background Information and Facts Supporting Early Termination of Supervised Release

On November 6, 2014, Mr. Nwankwo pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 846 and § 841(b)(1)(A) and was remanded to custody that same day. On January 25, 2016, Mr. Nwankwo was sentenced by Your Honor to a term of 120 months imprisonment, followed by five years of supervised release. *See* Dkt. No. 1249. Mr. Nwankwo was released from prison on January 28, 2022, and began his term of supervised release on that date. On March 17, 2025, Mr. Nwankwo submitted his first motion for Early Termination of Supervised Release to Your Honor. *See*  Dkt. No. 1899. On July 10, 2025, Your Honor issued an order denying that motion without prejudice allowing him to renew his motion for Early Termination after completing four years of supervised release. Mr. Nwankwo now renews his motion, incorporating by reference his first motion for early termination herein. *See* Dkt. 1899. To date, he has been on supervised

release for just over 4 years. Larren Riley, Mr. Nwankwo's Probation Officer, supports this renewed motion for Early Termination. Jacob Gutwillig, AUSA, on behalf of the Government has advised that he has not yet taken a position and are consulting with Probation.

Since bringing his first motion for Early Termination, Mr. Nwankwo has continued to attend weekly therapy sessions at the Community Treatment Access Program ("TAP") addressing his ongoing depression, anxiety, and PTSD. He has since been able to secure Social Security benefits in order to support himself through this journey while he focuses on mental health recovery. He has remained arrest free and has complied with the terms of Supervised Release in all aspects. Christopher's long-term plan is to continue working on his mental health, and to open his own trucking and clothing businesses so he can move away from the city, restart his life as a law-abiding citizen and become an asset to the community.

### **Legal Basis for Early Termination of Supervised Release[1]**

In November of 2025, the United States Sentencing Commission amended the United States Sentencing Guidelines ("the Guidelines") to include a policy statement to guide courts in determining whether it is appropriate to terminate a term of supervised release before its expiration. *See* U.S.S.G. § 5D1.4. Section 5D1.4(b) gives courts discretion to reduce the term of an individual's supervised release at "[a]ny time after the expiration of one year of supervised release and after an individualized assessment of the need for ongoing supervision...." The policy statement encourages courts to conduct such an assessment "following consultation with the government and the probation officer" and terminate the term if it is "in the interest of justice." *Id*. The application notes set forth a variety of factors the court may consider when making such individualized assessment. First, courts are to consider "the same factors used to determine whether to impose a term of supervised release." *See* § 5D1.4 App. N. 1(A). Other factors the court may consider are

> i) any history of court-reported violations over the term of supervision;
>
> ii) the ability of the defendant to lawfully self-manage, (e.g., the ability to problem-solve and avoid situations that may result in a violation of condition of supervised release or new criminal charges);
>
> iii) the defendant's substantial compliance with all conditions of supervision,
>
> iv) the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision,
>
> v) a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and

---

[1] The statutory basis for relief was detailed in his first motion for Early Termination and is incorporated by reference herein. *See* Docket No. 1899.

vi) whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statement or information provided by the victims of the offense, and other factors the court finds relevant.

In addition to the statutory factors incorporated by reference herein from Mr. Nwankwo's first motion for Early Termination, the policy statement set forth in § 5D1.4 also strongly supports Mr. Nwankwo's request for early termination of supervised release. The policy statement directs the court to consider the same statutory factors as set forth in 18 U.S.C. § 3583(c), (e) as laid out above in section I, *supra*. The additional factors in § 5D1.4(d) as applied to Mr. Nwankwo support his request. There has been one court-reported violation, of which Your Honor is aware—his June 2024 conditional discharge. However, per his probation officer, Laren Riley, he has been compliant with all other conditions of supervision in all respects for over four years. Additionally, he has shown his ability to lawfully self-manage—he remains committed to this therapy programming and has religiously gone every week. Further, he has secured social security benefits to ensure that he is financially secure enough to never have to resort to criminal activity in order to put food on the table ever again.

His service coordinator at TAP, Mr. Nwaobi, detailed for Your Honor in his March 2025 letter how Christopher is committed to change and how he remains steadfast in his willingness to grow in therapy. He plans to continue therapy even after his time on supervised release is over, evidencing his engagement in prosocial activity. Since Mr. Nwankwo has remained compliant and living a lawful, productive life, termination will not jeopardize public safety. While the nature of Christopher's offense was no doubt serious, he has since demonstrated his ability to be a law-abiding citizen, barring a few minor infractions while incarcerated and since release. He has without a doubt availed himself of every opportunity to reintegrate himself into the community and avoid recidivism—the therapeutic environment at TAP has given him the skills he needs to remain on the path to recovery beyond the term of his supervised release. Lastly, his desire to open his own trucking and clothing businesses so he can move away from the city, restart his life as a law-abiding citizen and become an asset to the community mitigates any perceived risk of recidivism he may present.

## Conclusion

For the reasons set forth in Mr. Nwankwo's first motion for early termination of supervised release, *see* Dkt. No. 1899, and for the reasons above, early termination would be in the interests of justice in this case and is supported by the factors set forth in 18 USC § 3583 and

3

§ 5D1.4. Mr. Nwankwo respectfully asks this Court to grant his request for early termination of supervised release.

Sincerely,

*Lorraine Gauli-Rufo*

Lorraine Gauli-Rufo, Esq.
*Attorney for Christopher Nwankwo*

cc: Jacob Gutwillig, AUSA
    Lauren Riley, USPO

4